IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GE HEALTHCARE BIO-SCIENCES AB, GE HEALTHCARE BIO-SCIENCES CORPORATION, and GENERAL ELECTRIC COMPANY,<br><br>             Plaintiffs,<br><br>      v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>             Defendant. | C.A. No. 18-1899-CFC |

**SCHEDULING ORDER**

This ___ day of _____, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before July 18, 2019.

    3.    <u>Discovery</u>.

        a.    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before April 16, 2020.

        b.    <u>Document Production</u>. Document production shall be completed on or before February 20, 2020.

        c.    <u>Requests for Admission</u>. A maximum of forty (40) requests for admission are permitted for each side.

        d.    <u>Interrogatories</u>. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

        e.    <u>Depositions</u>.

            i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours taking testimony by deposition upon oral examination of 30(b)(1) and 30(b)(6) witnesses. The parties may seek additional time for depositions requiring an interpreter.

            ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    4.    <u>Privilege</u>. With respect to information generated after the filing of the complaint in *GE Healthcare Bio-Sciences AB et al. v. Bio-Rad Laboratories, Inc.*, No. 2:14-cv-07080-LTS-SN (SDNY), parties are not required to include any such information in privilege logs, provided, however, that a party may request a log of certain communications alleged to be privileged that

were made after the SDNY filing date on an issue-by-issue basis if the party believes that there is a specific need to have a log of communications on that particular issue. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected documents is not a waiver in the pending case or in any other federal or state proceeding. When a party gives notice to another party that certain inadvertently produced documents are subject to a claim of privilege or other protection, the obligations of the other parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), except that a party will not use documents asserted to be attorney-client privileged or work product protected by another party to challenge the privilege or protection.

5. <u>Specific E-Discovery Issues</u>. Paragraph 5 of the Delaware Default Standard shall not apply to documents first produced in *GE Healthcare Bio-Sciences AB et al. v. Bio-Rad Laboratories, Inc.*, No. 2:14-cv-07080-LTS-SN (SDNY), to the extent the parties agree such documents are deemed produced in this case.

6. <u>Deadlines</u>. To the extent deadlines in this order or in the Delaware Default Standard fall on a weekend or court holiday, such deadlines are extended to the following business day.

7. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by April 19, 2019.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to

>  disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

8. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Two courtesy copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

9. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

10. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

   11. <u>Claim Construction Issue Identification</u>. On or before September 12, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before September 26, 2019, the parties shall exchange a list and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than October 17, 2019. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

   12. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on November 14, 2019. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on December 12, 2019. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on January 2, 2020. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on January 16, 2020. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must

include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than January 30, 2020, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

<b>JOINT CLAIM CONSTRUCTION BRIEF</b>

**I.      Agreed-upon Constructions**

**II.     Disputed Constructions**

      A.      [TERM 1]

           1.     Plaintiff's Opening Position
           2.     Defendant's Answering Position
           3.     Plaintiff's Reply Position
           4.     Defendant's Sur-Reply Position

      B.      [TERM 2]

           1.     Plaintiff's Opening Position
           2.     Defendant's Answering Position
           3.     Plaintiff's Reply Position
           4.     Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      13.     <u>Hearing on Claim Construction</u>. Beginning at ___ on February ___, 2020 the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which

answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    14.    <u>Disclosure of Expert Testimony</u>.

    a.  <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 4, 2020.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before July 2, 2020. Reply expert reports from the party with the initial burden of proof are due on or before July 30, 2020.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before August 27, 2020.

    b.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    15.    <u>Case Dispositive Motions</u>.

    a.  <u>No early motions without leave</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 1, 2020. Responsive briefs and supporting affidavits, if any, shall be served and filed 28 days after opening briefs.  Reply briefs and supporting affidavits, if any, shall be served and filed 14 days after responsive briefs.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

b. <u>Word limits combined with *Daubert* motion word limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each SIDE. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

c. <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case). Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

d. <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to

determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.

  e. <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,500 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

  f. <u>Affidavits and declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

      g. <u>Scope of Judicial Review</u>. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

    16.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    17.    <u>Pretrial Conference</u>. On February \_\_\_\_, 2021 the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at \_\_\_\_. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

    18.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19.  <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

20.  <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

21.  <u>Trial</u>. This matter is scheduled for a 7-day jury trial beginning at _____ on March ____, 2021 with the subsequent trial days beginning at _____. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

 

_____
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

| Event | Deadline |
|---|---|
| Rule 26(a)(1) Initial Disclosures | Within 5 days |
| Application to Court for Protective Order | April 19, 2019 |
| Joinder of Other Parties and Amendment of Pleadings | July 18, 2019 |
| Claim Construction Claim Terms Identification | September 12, 2019 |
| Claim Construction Identification of Proposed Constructions | September 26, 2019 |
| Joint Claim Construction Chart | October 17, 2019 |
| Service of Plaintiffs' Opening Claim Construction Brief | November 14, 2019 |
| Service of Defendant's Answering Claim Construction Brief | December 12, 2019 |
| Service of Plaintiffs' Reply Claim Construction Brief | January 2, 2020 |
| Service of Defendant's Sur-Reply Claim Construction Brief | January 16, 2020 |
| Filing of Joint Claim Construction Brief | January 30, 2020 |
| Claim Construction Hearing | February 2020 |
| Document Production | February 20, 2020 |
| Discovery Cut Off | April 16, 2020 |
| Opening Expert Reports | June 4, 2020 |
| Rebuttal Expert Reports | July 2, 2020 |
| Reply Expert Reports | July 30, 2020 |
| Expert Deposition Cut Off | August 27, 2020 |
| Case Dispositive and *Daubert* Motions | October 1, 2020, responsive briefs 28 days after motions and for reply briefs 14 days after responsive briefs. |
| Final Pretrial Conference | February 2021 |
| Trial | 7 day jury trial in March 2021 |