IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GE HEALTHCARE BIO-SCIENCES AB, GE HEALTHCARE BIO-SCIENCES CORPORATION, and GENERAL ELECTRIC COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-1899-CFC |
| BIO-RAD LABORATORIES, INC., | ) ) | **CONSOLIDATED** |
| Defendant. | ) ) | |

## **STIPULATION TO EXTEND TIME**

WHEREAS, the current deadline to complete depositions is April 30, 2020; and

WHEREAS, the ongoing Covid-19 pandemic and associated restrictions on travel and movement, including for Plaintiffs' employees who live and work in Europe and for Defendant's employees who live and work in the San Francisco Bay Area, presents significant difficulties in completing the required depositions in this litigation by the current deadline, including significant difficulties in conducting remote depositions due to the time difference between the U.S. and Europe, where Plaintiffs' employees reside; and

WHEREAS, four of Defendant's counsel and two of Plaintiffs' counsel in this case are currently subject to California's indefinite stay-home Executive Order (*See* Executive Order N-33-20, https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf; California Coronavirus (COVID-19) Response, https://covid19.ca.gov/stay-home-except-for-essential-needs/); and

WHEREAS, this Court issued a Standing Order to address the type of situation present in this case by allowing for scheduling adjustments "necessitated by reasonable and fact-based travel, health or safety concerns, or advice or directives of public health officials" (Standing Order (March 18, 2020)); and

WHEREAS, the claim construction hearing was postponed, but not yet rescheduled;

NOW, THEREFORE, the parties stipulate and agree, subject to the approval of the Court, that the below case deadlines shall be changed as follows:

| Event | Current Date | New Date |
| --- | --- | --- |
| Markman Hearing | – | To be set by Court. |
| Fact Discovery Cut Off | April 30, 2020 | June 30, 2020 |
| Opening Expert Reports | June 11, 2020 | August 18, 2020 |
| Rebuttal Expert Reports | July 10, 2020 | September 15, 2020 |
| Reply Expert Reports | July 31, 2020 | October 13, 2020 |

| Deadline for Expert Deposition Cut Off | August 28, 2020 | November 10, 2020 |
|---|---|---|
| Case Dispositive Motions | October 1, 2020, responsive briefs 28 days after motions and for reply briefs 14 days after responsive briefs. | December 15, 2020, responsive briefs 28 days after motions and for reply briefs 14 days after responsive briefs. |

The parties further respectfully request the Court set a date for the claim construction hearing. Given the rapidly evolving circumstances related to the Covid-19 pandemic, which the parties will continue monitoring, the parties may have to revisit deadlines further.

Plaintiffs respectfully request that the pre-trial conference (March 11, 2021) and trial (March 22, 2021) shall, if they remain convenient for the Court, remain unchanged. Plaintiffs make this request because the schedule changes have been driven by issues outside the parties control, as detailed above, and because all counsel have already reserved this time on their calendars. At the same time Plaintiffs recognize that that the Court may need to change these dates due to conflicts in its own calendar.

Defendant opposes this request. Given the rapidly evolving circumstances related to the Covid-19 pandemic and the Court's preference that "[s]hould the parties stipulate or otherwise request to have their dispositive motion deadline extended, and a trial date is currently set on the court's calendar in the case, the

parties will lose their trial date upon the court's granting the extension" and that "[n]o new trial date will be given until the dispositive motion(s) have been decided," Defendant requests that the pre-trial conference and trial dates be suspended in light of the parties' stipulated extension which sets the completion of case dispositive motion briefing for January 26, 2021. Defendant proposes that the parties submit letter briefs on this issue, should the Court require more information.

| | |
|---|---|
| */s/ John W. Shaw* | */s/ Alan R. Silverstein* |
| John W. Shaw (No. 3362) | David E. Moore (No. 3983) |
| Nathan R. Hoeschen (No. 6232) | Bindu A. Palapura (No. 5370) |
| SHAW KELLER LLP | Alan R. Silverstein (No. 5066) |
| I.M. Pei Building | Tracey E. Timlin (No. 6469) |
| 1105 North Market Street, 12th Floor | POTTER ANDERSON & CORROON LLP |
| Wilmington, DE 19801 | Hercules Plaza, 6th Floor |
| (302) 298-0700 | 1313 N. Market Street |
| jshaw@shawkeller.com | Wilmington, DE 19801 |
| nhoeschen@shawkeller.com | (302) 984-6000 |
| *Attorneys for Plaintiffs* | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| | sobyrne@potteranderson.com |
| | asilverstein@potteranderson.com |
| | ttimlin@potteranderson.com |
| | *Attorneys for Defendant* |

Dated: April 8, 2020

5

IT IS SO ORDERED THIS \_\_\_ day of _____, 2020,


_____
United States District Judge