IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CYTIVA SWEDEN AB and GLOBAL LIFE SCIENCES SOLUTIONS USA LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 18-1899-CFC |
| BIO-RAD LABORATORIES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed objections (D.I. 145) to two oral discovery rulings made by the Magistrate Judge on September 2, 2020 (D.I. 145-1 at 8–9, 11–12). Plaintiffs have responded (D.I. 149). I have reviewed the transcript of the Magistrate Judge's rulings and the parties' papers filed in connection with Defendants' objections.

The first ruling denied Defendant's motion to strike Plaintiffs' second supplemental response to an interrogatory about the conception and reduction to practice of the inventions claimed by the asserted patents. The second ruling denied Defendant's motion to compel the production of certain regulatory submissions.

The Magistrate Judge had the authority to make these rulings under 28 U.S.C. § 636(b)(a)(A). I may reconsider the rulings only if "it has been shown that [they are] clearly erroneous or contrary to law." *Id.*

With respect to the first ruling, the Magistrate Judge in my view correctly weighed the relevant factors set forth in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977). I find especially compelling the Magistrate Judge's findings that Defendant did not make a specific showing of prejudice and that Defendant declined without explanation Plaintiffs' offer to allow Defendant to take additional discovery to cure any prejudice.

With respect to the second ruling, I agree with the Magistrate Judge's findings and her decision to deny Defendant's request for an order to compel production of regulatory submissions that identified competitors in the modular chromatography product market. I, too, am satisfied with Plaintiffs' representation that they conferred with Dr. Darby after his deposition and determined that the documents Dr. Darby referenced in his deposition do not exist. I also agree that the document requests identified by Defendant are not directed specifically to regulatory submissions and that the document request most relevant, RFP 68, calls only for the production of documents "*sufficient* to identify any companies" that Plaintiffs believe participate in the "modular preparative market." For that reason, given Dr. Darby's testimony and the documents produced to Defendant in

discovery (*see* D.I. 141, Exs. B, C, D, and E), even if regulatory submissions existed, they would be, as the Magistrate Judge concluded, cumulative and not proportional to the needs of the case.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' objections (D.I. 145) are OVERRULED.

10.30.20
Date

United States District Judge