IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYTIVA SWEDEN AB, and GLOBAL LIFE SCIENCES SOLUTIONS USA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>Defendant. | Civil Action No. 18-1899-CFC-SRF<br>Consolidated |

## MEMORANDUM ORDER

Pending before me is Defendant Bio-Rad Laboratories, Inc.'s Motion for Leave to Amend Its Pleadings (D.I. 129). Bio-Rad seeks by its motion to bring antitrust counterclaims against Plaintiffs Cytiva Sweden AB and Global Life Sciences Solutions USA LLC (collectively Cytiva), who have sued Bio-Rad for infringement of U.S. Patent Nos. 9,671,420 (the #420 patent), 9,709,589 (the #589 patent), 9,709,590 (the #590 patent), 9,709,591 (the #591 patent) and RE47,124 (the #124 patent). The essence of the proposed counterclaims is that Cytiva's patent enforcement activities were made in bad faith and, because of Cytiva's market power, constitute anticompetitive conduct. D.I. 130 at 7.

The #124 patent is a reissue of U.S. Patent No. 8,821,718 (the #718 patent). The #420 patent, #589 patent, #590 patent, and #591 patent all issued from continuation applications that trace their priority to the application that resulted in the issuance of the #718 patent. Cytiva's predecessor-in-interest in this consolidated action originally sued for infringement of the #718 patent on September 2, 2014 in the Southern District of New York. Cytiva's predecessor then sued for infringement of the #420 patent, #589 patent, #590 patent, and #591 patent in this district on November 30, 2018. The New York litigation was subsequently transferred to this district and the cases were consolidated. The complaint alleging infringement of the #718 patent was amended to allege infringement of the #124 patent.

Bio-Rad filed its motion more than a year after the July 18, 2020 pleadings amendment deadline imposed by the Scheduling Order. D.I. 27. Federal Rule of Civil Procedure 16(b)(4) requires that a party show good cause if it seeks to amend its pleadings after the deadline set by a scheduling order. *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, C.A. No. 13-2100-CFC, 2018 WL 5113964, at *4 (D. Del. Oct. 12, 2018).

"Good cause" exists when the party seeking leave to amend exercised reasonable diligence in trying to comply with the scheduling order. *Id.* Courts

2

presume a party lacks diligence if the party had knowledge of the facts supporting its proposed amendment before the deadline to amend. *See Prince v. Aielos*, C.A. No. 09-5429 (JLL), 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (finding a lack of good cause "when a party was aware of the facts that would lead it to amend and failed to act on [them]" (internal quotation marks and citation omitted)); *accord Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007) (noting that "a party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend").

Bio-Rad asserts that good cause exists here because its proposed counterclaims are premised on two "new facts" that occurred "well after the deadline to amend." D.I. 130 at 13, 16. The first fact is the Court's May 28, 2020 claim construction order. As a matter of law, however, a court's claim construction ruling cannot be the basis for a good cause finding for Rule 16(b) purposes. *Teva Pharms. USA, Inc. v. Amgen, Inc.*, C.A. No. 09-5675, 2010 WL 11558270, at *4 (E.D. Pa. Nov. 19, 2010).

The second fact is the June 26, 2020 deposition of Dr. Mats Lundkvist, a named inventor on all of the asserted patents. D.I. 130 at 10. According to Bio-Rad, Lundkvist testified at his deposition "that if a system did not have separation

3

of the fluidic components from the electrical components, he would not consider such a system to be his invention" and "that his invention required the fluidic components to be separated from the electrical components, and if that requirement was not there, it was not his invention." D.I. 130 at 11–12. But Lundkvist gave this same testimony in all material respects when he was deposed in 2014 in the New York case, *see* D.I. 134-5 at 139:3–6; 141:11–15; 160:17–25, and it is undisputed that Bio-Rad was aware of the 2014 deposition before the pleadings amendment deadline. Bio-Rad argues it did not anticipate Lundkvist's testimony in this case because at the time of the 2014 deposition only the #718 patent existed. But this argument rings hollow since the #589 patent and #590 patent issued from continuation patent applications that trace their priority to, and thus cannot contain new matter not present in, the application for the #718 patent. Manual of Patent Examining Procedure § 201.07 (9th ed. Rev. June 2020); *see also Applied Materials Inc. v. Advanced Semiconductor Materials America, Inc.*, 98 F.3d 1563, 1579 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997) ("Although there may be some variation in the scope of the claimed subject matter, a continuation application is based solely on the disclosure of a parent application. . . . By definition, a continuation adds no new matter and is akin to an amendment of a pending application." (Mayer, J., concurring) (citation omitted)).

4

Accordingly, I find that Bio-Rad has failed to show good cause under Rule 16(b) sufficient to amend its pleadings after the deadline. I also find that even if Bio-Rad had met Rule 16(b)'s good cause requirement, its amendment request should be denied under Rule 15(a).

A party that has established good cause pursuant to Rule 16(b)(4) still must meet the requirements of Rule 15 to amend its pleadings. *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010); 6A Charles A. Wright, Arthur R. Miller, et al., *Federal Practice & Procedure* § 1522.2 (3d ed. 2020) ("[T]he Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15."); *id.* at n.3 (collecting cases). To pass muster under Rule 15(a), the amendment cannot impose "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, allowing the amendment would require Cytiva to defend against entirely new theories of liability and would subject it to additional discovery. That Bio-Rad has suggested an additional discovery period and trying the case in separate stages, D.I. 130 at 9 n.4, 14–15, undercuts its assertion that counterclaim discovery will substantially overlap with the already completed fact and expert

discovery. Allowing the amendment would be unduly prejudicial because it would subject Cytiva to "additional discovery, cost, and preparation to defend against [these] new facts [and new] theories." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

NOW THEREFORE, at Wilmington this Eighth day of February in 2021, **IT IS HEREBY ORDERED** that Defendant Bio-Rad Laboratories, Inc.'s Motion for Leave to Amend Its Pleadings (D.I. 129) is DENIED.

*/s/ Colm F. Connolly*
UNITED STATES DISTRICT JUDGE