IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYTIVA SWEDEN AB, and<br>GLOBAL LIFE SCIENCES<br>SOLUTIONS USA LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>          Defendant. | Civil Action No. 18-1899-CFC |

## **ORDER**

Pending before me is Plaintiffs' motion to exclude the expert opinions of Dr. Bruce Gale. D.I. 170. Plaintiffs seek to exclude by their motion Dr. Gale's opinions about noninfringement that are based on the terms "fluidics section," "non-fluidics section," "panel member" and "independently perform operations in response to instructions over a BUS" and his opinions that the asserted patents are invalid based on experiments performed in 2016 using an automated liquid handling device called the 2040 System. D.I. 170 at 1–2.

Plaintiffs argue that to the extent Dr. Gale's opinions about noninfringement are based on the terms "fluidics section" and "non-fluidics section" the opinions are inadmissible because Dr. Gale's constructions of those terms differ from the constructions I gave to the terms. I disagree. Dr. Gale's opinions are fully

consistent with my construction of the terms—namely, that "fluidics section" is "a section of the interchangeable fluid handling unit that includes fluidics components and does not include non-fluidic components" and "non-fluidics section" is "a section of the interchangeable fluid handling unit that includes electrical components and does not include fluidic components." D.I. 89 at 3.

Plaintiffs next object to Dr. Gale's reliance on the asserted patents' file histories, written descriptions, and inventor's statements to explicate and apply the plain and ordinary meaning of the terms "panel member" and "independently perform operations in response to instructions over a BUS." D.I. 173 at 7. The parties never asked me to construe these terms, and each side asserts that the terms should be given their plain and ordinary meaning. "When a court does not construe a term or orders that ordinary meaning applies, expert testimony on the understanding of a skilled artisan is appropriate to assist the jury. Expert testimony regarding whether an accused device falls within the scope of a court's claim construction is appropriate and raises a factual issue for the jury to resolve. *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016) (citations omitted). It is also appropriate for Dr. Gale to discuss the patents' prosecution history and written descriptions in explaining his noninfringement opinions to the jury. *See GPNE Corp. v. Apple Inc.*, 108 F. Supp. 3d 839, 856 (N.D. Cal. 2015) (holding that expert's use of patentee's statements to Patent Office was "proper

testimony to aid the jury in applying the claims to the accused devices"), *aff'd*, 830 F.3d 1365 (Fed. Cir. 2016).

Finally, Plaintiffs argue that Dr. Gale's invalidity opinions are inadmissible to the extent they are based on 2016 experiments using the 2040 System because Dr. Gale misrepresented the extent of his involvement in the experiments and relied on the representation of a scientist employed by Defendant to confirm how much time is required to program the accused product to perform liquid chromatography.  D.I. 173 at 10–15.  It is, however, black letter law that an expert may rely on the work and hearsay statements of others.  Plaintiffs were able to depose the student assistant who personally performed the experiments at Dr. Gale's request.  Plaintiffs are free to explore during their cross-examination of Dr. Gale at trial what he did or did not do in connection with the experiments in question and the accuracy of his prior statements about the extent of his involvement in the experiments.  Plaintiffs can similarly challenge at trial through cross-examination or rebuttal evidence the reliability of the time estimates provided to Dr. Gale by Defendant's employee.

3

NOW THEREFORE, at Wilmington this first day of June in 2021, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Expert Opinions of Dr. Bruce Gale (D.I. 170) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE