IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYTIVA SWEDEN AB, and GLOBAL LIFE SCIENCES SOLUTIONS USA LLC,<br><br>Plaintiff,<br><br>v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>Defendant. | Civil Action No. 18-1899-CFC |

## ORDER

Pending before me is Bio-Rad's Motion to Exclude Expert Opinions of Steven Wereley. D.I. 163. Bio-Rad argues that certain of Dr. Wereley's opinions regarding the conception and reduction to practice of the inventions claimed in the asserted patents should be excluded "because [those] opinion[s] contradict[] Plaintiffs' disclosures during discovery and their representations to the Court . . . ." D.I. 164 at 1; *see also* D.I. 164 at 5 ("Dr. Wereley's opinions on conception and reduction to practice that precede the filing date of the patents should be excluded in light of Plaintiffs' inconsistent positions on the facts underlying those opinions."). I disagree and will deny the motion.

Plaintiffs maintained in a June 2020 interrogatory response that the asserted claims were conceived around June 2005 and reduced to practice by December

2005. D.I. 165, Ex. 3 at 7. Plaintiffs cited as relevant to this position documents directed to a "p0" prototype. *Id.* A month later, after inventor Mats Lundkvist (and Plaintiff's Rule 30(b)(6) witness on conception and reduction to practice) was deposed, Plaintiffs amended their interrogatory response to state that the asserted claims were conceived "no later than August 2006 and reduced to practice no later than October 2006." D.I. 165, Ex. 4 at 9. Plaintiffs cited in support of this amended response documents directed to a "p1" prototype.

Wereley supports his opinions about conception and reduction to practice in part on documents directed to the p0 prototype and on efforts made by the asserted patent's inventors in June to December 2005. Bio-Rad argues that "Dr. Wereley's reliance on evidence from both 2005 and 2006 results in a theory that is contrary to both the original substantive interrogatory response—which set out the 2005 dates—and the subsequent modified interrogatory response—which set out the 2006 dates"—and should therefore be excluded. D.I. 164 at 5.

The argument, however, rests on the faulty premise that evidence existing before a conception date cannot corroborate conception by that date. Wereley's opinion is not inconsistent with Plaintiffs' theory that conception occurred by August 2006, and he also appropriately relied on evidence from before that date to respond to the opinions of Bio-Rad's expert about p0 documents. Plaintiffs never renounced the relevance of the p0 prototype, and they incorporated their previously

cited references into their supplemental interrogatory response. D.I. 165, Ex. 4 at 8–9. It is proper for a patentee to rely on evidence predating a given date to show that the claimed invention had been conceived by that date. *See Johns Hopkins Univ. v. 454 Life Scis. Corp.*, 230 F. Supp. 3d 357, 383 (D. Del. 2017) (relying on evidence from an earlier date to establish a date of conception).

Bio-Rad argues that it will be prejudiced at trial by the introduction of Dr. Wereley's opinions because "it cannot fairly probe the factual basis for Plaintiffs' newly disclosed hybrid story," D.I. 164 at 5. But Bio-Rad had the chance to take additional discovery on conception and reduction and practice—and declined to do so. *See* D.I 152 at 2. And, in any event, Bio-Rad can show at trial that Plaintiffs' changed their position about the date of conception and reduction to practice during the course of the litigation.

Bio-Rad also argues that "judicial estoppel supports striking Dr. Wereley's [conception and reduction to practice] opinions." D.I. 164 at 6. Judicial estoppel, however, requires among other things that a party has taken "two positions that are irreconcilably inconsistent." *Kystal Cadaillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003). Plaintiffs have not taken irreconcilably inconsistent positions here, and therefore judicial estoppel does not come into play.

NOW THEREFORE, at Wilmington this Seventh day of March in 2022, **IT IS HEREBY ORDERED** that Defendant Bio-Rad Laboratories, Inc.'s Motion to Exclude Expert Opinions of Steven Wereley (D.I. 163) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE