IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CYTIVA SWEDEN AB, and
GLOBAL LIFE SCIENCES
SOLUTIONS USA LLC,

Plaintiffs,

v.

BIO-RAD LABORATORIES, INC.,

Defendant.

C.A. No. 18-1899-CFC

---

John W. Shaw, Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, Delaware; Matthew M. Wolf, Jennifer Sklenar, Amy DeWitt, Bridgette C. Boyd, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, District of Columbia; Jeffrey A. Miller, Joseph B. Palmieri, ARNOLD & PORTER KAYE SCHOLER LLP, Palo Alto, California; Ryan M. Nishimoto, ARNOLD & PORTER KAYE SCHOLER LLP, Los Angeles, California; Michael J. Sebba, ARNOLD & PORTER KAYE SCHOLER LLP, New York, New York

*Counsel for Plaintiffs*

David E. Moore, Bindu A. Palapura, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; Kevin P.B. Johnson, Brian C. Cannon, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Redwood Shores, California; David Bilsker, Felipe Corredor, Andrew E. Naravage, QUINN EMANUEL URQUHART & SULLIVAN, LLP, San Francisco, California; Anne S. Toker, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, New York; Sean D. Damon, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Washington, District of Columbia

*Counsel for Defendant*

# **MEMORANDUM OPINION**

March 14, 2022
Wilmington, Delaware

*[signature]*
COLM F. CONNOLLY
CHIEF DISTRICT JUDGE

Plaintiffs Cytiva Sweden AB and Global Life Sciences Solutions USA LLC (collectively Cytiva) have accused Defendant Bio-Rad Laboratories, Inc. of inducing and contributing to the infringement of eight claims of U.S. Patent No. 9,709,590 (the #590 patent) by its manufacture and sale of Bio-Rad's NGC System, a preparative protein purification system. D.I. 1 ¶¶ 76–86. Bio-Rad has moved for summary judgment of noninfringement of six of those claims—claims 1, 2, 3, 4, 10, and 12. D.I. 166. The six claims each recite a method of modifying the fluid flow path in an automated liquid chromatography system by, among other things, interchanging at least two of the system's interchangeable modular components. Bio-Rad argues that summary judgment is warranted because Cytiva has failed to proffer sufficient evidence of direct infringement of these claims after the date of the patent's issuance on July 18, 2017; and that, therefore, Cytiva cannot prove indirect (i.e., induced and contributory) infringement as a matter of law.

## I. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party

moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to judgment as a matter of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151–60 (1970). The moving party also bears the responsibility of informing the court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citing Fed. R. Civ. P. 56(e)).

## II. DISCUSSION

A method patent claim is not infringed unless all the claimed steps are carried out and "are all attributable to the same [party], either because the defendant actually performed those steps or because he directed or controlled [another] who performed them." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921–22 (2014). A party may be "liable for inducement or contributory infringement of a method claim under 35 U.S.C. §§ 271(b), (c) if it sells infringing devices to customers who use them in a way that directly infringes the method claim." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004). "Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct

infringement. There can be no inducement or contributory infringement without an underlying act of direct infringement." *Id.* (internal quotation marks and citation omitted).

"To satisfy the direct infringement requirement, the patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1364 (Fed. Cir. 2012) (internal quotation marks and citation omitted). It is undisputed in this case that the NGC System can be used without interchanging two or more of its modular components. Since use of the system does not necessarily infringe the asserted claims, to satisfy the direct infringement requirement here, Cytiva needs to prove specific instances of direct infringement.

Cytiva points to two things it says constitute circumstantial evidence of direct infringement: (1) instructions in Bio-Rad's 2018 NGC Instrument Guide that explain how modular components in the system can be replaced and repositioned to "optimize the placement" of the components and "achieve optimal results," D.I. 213 at 4–5; D.I. 214, Ex. A ¶¶ 492–95; and (2) Bio-Rad "marketing materials [that] tout the ability to 'change module locations to adjust to [the end user's] application and achieve optimal results,' and further refer to Bio-Rad's modules as 'plug and play,'" D.I. 213 at 5 (citation omitted). But telling purchasers and potential purchasers of the NGC System that they *can* change the location of the system's

3

modular components does not show that any person *did in fact* interchange two or more modular components in an NGC System. Thus, neither the instrument guide nor the marketing materials—individually or collectively—provide circumstantial evidence of direct infringement.

Cytiva also argues that the deposition testimony of Bio-Rad's Senior Product Manager, Philip Chapman, established that Chapman observed Bio-Rad interchange two or more modular components of an NGC System when Bio-Rad installed the systems for purchasers. *See* D.I. 213 at 5–7. But Chapman was never asked during his deposition *when* he made these observations, and in an unrebutted sworn declaration, Chapman states that he was only regularly present at installations of the NGC Systems in the United States around the time of the NGC's launch in 2013 and that the last United States installation he attended occurred in 2014. *See* D.I. 171 ¶¶ 5–6. Thus, Chapman's testimony does not establish direct infringement by Bio-Rad after the #590 patent issued in 2017.[1] Accordingly, as a matter of law, his testimony cannot establish direct infringement.

---

[1] Cytiva says that Bio-Rad's "*own documents* contradict" Chapman's declaration. D.I. 213 at 7 (emphasis in original). But the documents it points to do not contradict Chapman's averment that "[s]ince the commercial launch [of the NGC System] in March 2013, . . . [t]he one installation [he] attended in the United States post-launch took place in April 2014." D.I. 171 ¶ 6. Indeed, in Cytiva's own words, the documents it cites show only that "Chapman visited . . . one of Bio-Rad's NGC beta testers[] multiple times from 2016–2018 to provide training and regularly provide[] technical feedback." D.I. 213 at 7. Thus, the documents are not inconsistent with Chapman's declaration.

*See* 35 U.S.C. § 271(a) (defining direct infringement as occurring whenever a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . *during the term of the patent therefor*" (emphasis added)).

Cytiva also points to two YouTube videos currently posted on Bio-Rad's website that "depict interchanging of modules and provide a 'tutorial' on how to interchange modules." D.I. 213 at 7 (citation omitted). It is undisputed, however, that these videos were made before the #590 patent issued. Thus, even though the videos might constitute evidence of Bio-Rad's attempts to induce others to directly infringe the #590 patent, they do not show—directly or circumstantially—direct infringement of the patent.

Finally, Cytiva points to a 2020 article by Amgen that discusses an "extensively modified" NGC System. D.I. 213 at 9. Bio-Rad objects to the article on numerous grounds, including hearsay and failure to produce the article in discovery. *See* D.I. 236 at 5. Cytiva does not dispute that it never produced the article in discovery. *See* D.I. 168 ¶ 11; D.I. 214 ¶ 11. And it does not challenge Bio-Rad's hearsay objection or suggest in anyway how the Federal Rules of Evidence would allow for the admission of the article into evidence at trial to prove infringement. Accordingly, Cytiva has failed to meet its burden under Federal Rule of Civil Procedure 56(e) to "set forth such facts as would be

5

admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein." *Safas Corp. v. Etura Premier, L.L.C.*, 293 F. Supp. 2d 442, 446 (D. Del. 2003) (alteration in original) (citing Fed. R. Civ. P. 56(e)).

## III. CONCLUSION

There being no genuine dispute as to any material fact and Bio-Rad being entitled to a judgment of noninfringement as a matter of law with respect to the six challenged claims, I will grant Bio-Rad's motion for summary judgment.

The Court will issue an Order consistent with this Memorandum Opinion.